### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 17-31042-CJP |
| RONEY LOUIS HARRIS | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## ORDER ON MOTION FOR RELIEF FROM LIFT STAY ORDER

Before the Court is the *Motion for Relief from Lift Stay Order* (Doc. No. 77) (the "Motion") filed by the pro se debtor Roney Louis Harris (the "Debtor"), pursuant to which the Debtor appears to seek both reconsideration of the Court's order (Doc. No. 73) (the "Order") granting in part the *Motion for Relief from the Automatic Stay* (Doc. No. 45) (the "Stay Relief Motion") of PHH Mortgage Corporation and/or its Successors and Assigns (collectively, "PHH"), and that the Order be "rescinded," citing Fed. R. Bankr. P. 60(a) and (b), and the objection thereto filed by PHH (the "Objection") (Docket No. 89). For the reasons set forth herein, the Motion is denied.

After a telephonic hearing (the "Hearing") held on the Motion at which the Debtor failed to appear and upon consideration of the Stay Relief Motion and the opposition thereto (Doc. No. 66) filed by the Debtor, and taking judicial notice of the pleadings, orders, and dockets in this case, the Debtor's 2008 Chapter 7 bankruptcy case (Case No. 08-31056) (Boroff, J.) and related adversary proceeding (AP No. 08-03022) (collectively, the "2008 Bankruptcy"), the pending state court litigation, and the appeals in both state and federal courts, the Court granted PHH relief to enforce its rights under applicable state and federal law pursuant to a mortgage

("Mortgage") of real property located at 615 White Street, Springfield, MA 01108 (the

"Property"). At the time the Court considered the Stay Relief Motion and entered the Order, the

Debtor was a Chapter 7 debtor and, given the Chapter 7 Trustee (the "Trustee") had no

opposition to the Stay Relief Motion, the Court found that the Debtor lacked standing to object to

the Motion.[1] *See* Ord. 6. Even if the Debtor had standing, however, the Court concluded that

PHH had stated a colorable claim to relief and had established "cause" within the meaning of 11

U.S.C. § 362(d) for relief from the automatic stay to seek to establish and exercise its *in rem*

rights with respect to the Mortgage. *See id.* at 2, 5. The Debtor challenges the Order on both

procedural and substantive grounds, stating that the Court lacked authority to enter the Order and

that it misapprehended the conclusions reached by various courts regarding the extensive

litigation history between the parties and the impact of entry of discharge in the Debtor's 2008

Bankruptcy. As discussed below, the Debtor has not demonstrated an appropriate basis for which

the Order should be reconsidered or vacated.

"[M]otions for reconsideration are not recognized by the Federal Rules of Civil

Procedure or the Federal Rules of Bankruptcy Procedure." *Guzmán v. Rentas (In re Guzmán)*,

567 B.R. 854, 862 (B.A.P. 1st Cir. 2017). Bankruptcy courts usually treat such a motion "as

either a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), made applicable in

bankruptcy by Fed. R. Bankr. P. 9023, or as a motion for relief from judgment under Fed. R. Civ.

P. 60(b), made applicable by Fed. R. Bankr. P. 9024, depending on the timing of the

reconsideration request. *See id*. Since the Debtor filed his Motion within fourteen days of the

Order, the Court considers it under Fed. R. Civ. P. 59(e). *See* Fed. R. Bankr. P. 9023.

---

[1] The Court converted the Debtor's Chapter 7 to Chapter 13 on the Debtor's motion to convert. *See* Ord.,
Doc. No. 131.

Fed. R. Civ. P. 59(e) does not state the grounds on which relief may be granted, and courts have "considerable discretion" in deciding whether to grant or deny a motion under this rule. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). It is well settled that "to meet the threshold requirements of Civil Rule 59(e), the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." *In re Guzmán*, 567 B.R. at 862 (internal quotations omitted). However, "[a] motion for reconsideration is not a means by which parties can rehash previously made arguments . . . .To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law." *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citations omitted); *see also Soto-Padró v. Public Bldgs. Auth.*, 675 F.3d 1, 21 (1st Cir. 2012) (finding "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected"). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citations and internal quotations omitted).

To prevail on the Motion, the Debtor must present to the Court newly discovered evidence unavailable prior to the entry of the order or demonstrate that the Court made a manifest error of law or fact in granting relief. The Debtor has done neither. The Debtor argues that the Court erred in concluding that PHH demonstrated a colorable claim to the Property pursuant to *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (1st Cir. 1994) because the Court did not consider various infirmities regarding the validity of the Mortgage and related note and that PHH's debt had been discharged in the 2008 Bankruptcy such that its efforts to

3

foreclose in the Debtor's present case violate the discharge injunction. However, these same arguments were raised and considered with respect to the Stay Relief Motion, and the Court nonetheless found the requisite cause existed for relief from the automatic stay.

In granting PHH relief to continue litigation to establish or enforce its *in rem* rights and remedies under the Mortgage or applicable law, the Court considered, *inter alia*, that PHH "provided extensive documentary evidence of the history of litigation between the parties regarding the validity of the underlying mortgage loan and documents of record establishing that it is the current holder of the Mortgage and, thus, a party in interest with standing to seek relief from stay in this matter." Ord. 3. As noted in the Order, the Debtor does not dispute that orders and judgments have entered in which courts have concluded that "PHH holds a valid mortgage against the Property, only that the conclusions reached in those decisions were wrong and that they are subject to further appellate review." *Id*. The Court has not allowed "PHH's claims" in entering relief, as the Debtor appears to believe, and the merits of the underlying substantive claims or the Debtor's defenses were not finally determined in the context of the Motion. *See Grella*, 42 F.3d at 32–33. The Court concluded that there is a "reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property" and granted permission for "that creditor to litigate its substantive claims elsewhere." *Id*. at 33–34.[2]

The Debtor also argues that the Court made a manifest error of law because it lacked

---

[2] At the time of the entry of the Order, the Superior Court order in the quiet title action had been appealed to the Massachusetts Appeals Court (Mass. App. Ct. Case No. 2017-P-0071) and that appeal remained pending. Subsequently, the Massachusetts Appeals Court affirmed the judgment for PHH in the Superior Court quiet title action, declaring that PHH now properly holds the mortgage and the corresponding note. The Massachusetts Appeals Court found that "based on the April 10, 2013, assignment from BMC to PHH, that PHH was the lawful owner of the mortgage as of the time of trial." *Harris v. PHH Mortg. Corp.*, 103 N.E.3d 769, *2 (Mass. App. Ct. 2018), *review denied*, 107 N.E.3d 1162 (Mass. 2018). Application of the *Rooker-Feldman* doctrine would preclude this Court from reviewing that determination in favor of PHH. *See, e.g., Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 403 (B.A.P. 1st Cir. 2004).

authority to determine the Stay Relief Motion, citing to a prior order of the Court regarding the

Debtor's failure to timely submit filing fee installment payments (Doc. No. 60) (the "Fee

Payment Order"), pursuant to which the Court provided that "the above-captioned case shall be

dismissed on *or after* February 13, 2018, if the Debtor fails to submit payment in the amount of

$215.00, the outstanding filing fee balance, by February 12, 2018 at 4:30 p.m." Fee Payment

Ord. 1 (emphasis added). The Debtor argues that once the February 12, 2018 payment deadline

passed, the Court lacked jurisdiction because the case was dismissed. There are several reasons

why the Debtor's position is unavailing.

First, at the time of the February 14, 2018 Hearing on the Stay Relief Motion, there had

been no order entered dismissing the Debtor's case pursuant to the Fee Payment Order, which

specifically referenced that the Court could enter such an order dismissing the case after

February 13, 2018. In addition, as of the date of the Hearing, the Trustee had filed a response to

the Fee Payment Order and objection to dismissal of the case (Doc. No. 64) (the "Dismissal

Objection") and the Debtor had filed an objection thereto (Doc. No. 67) (the "Response").[3]

Upon consideration of the Dismissal Objection and Response, the Court subsequently *sua sponte*

amended its Fee Payment Order at Docket No. 78 after the Hearing, finding that "although the

Debtor failed to submit the outstanding filing fee of $215.00 by February 12, 2018, because of

the unique circumstances present in this case which suggest that dismissal would be prejudicial

to the estate and the interests of creditors, the case shall not be dismissed at this time." Ord. at 1

---

[3] In the Dismissal Objection, the Trustee stated that the Debtor "may **want** to have his case dismissed as
the Trustee has informed the Debtor that he intends to liquidate certain assets for the benefit of his
creditors[,]" and proposed to pay the filing fee as an administrative expense of the case if the Debtor did
not submit the payment. Dismissal Obj. 1. The Debtor responded by rejecting the Trustee's filing fee
payment proposal, arguing that the Trustee did not have a right to pay a fee on the Debtor's behalf
without his permission. Resp. 1.

(Doc. No. 78).[4]

Second, contemporaneously with the filing of his Response to the Dismissal Objection, the Debtor sought to continue the Hearing referencing unspecified medical conditions and travel restrictions, which request the Court denied on February 12, 2018 without prejudice. *See* Ord. at Doc. No. 69. The Court did, however, provide the Debtor an opportunity to participate in the Hearing by telephone and further provided that the Debtor could file a renewed motion to continue noting the assent of the moving party, PHH, and/or providing more detail about his medical condition that would preclude his participation at the Hearing, along with documentary evidence regarding his medical restrictions, which could be filed under seal, if appropriate. The Debtor did not file any renewed continuance request and the telephonic hearing went forward. As of the Hearing, the case had not been dismissed and the Court had authority to enter the Order.

While the Debtor's actions belie that he harbored any confusion as to whether the Hearing would be going forward, even if he was confused, the Debtor states that the consequence of not being at the Hearing was that he was precluded from requesting a further evidentiary hearing regarding the Stay Relief Motion in order to challenge PHH's standing to enforce its Mortgage. However, the lack of an evidentiary hearing regarding the Stay Relief Motion does not constitute error to support reconsideration. *See Grella*, 42 F.3d at 33. In determining whether a creditor has a colorable claim and therefore standing to seek relief from the automatic stay, a bankruptcy court need not fully adjudicate the merits of the creditor's

---

[4] The Debtor sought reconsideration of the amended order, which was denied. *See* Ord. 5, Doc. No. 254. The Court noted that the Debtor presented no newly discovered evidence or demonstrated any error of law or fact and concluded the Debtor was not prejudiced by the amended order in any event as he ultimately sought conversion of his case and paid the outstanding filing fee amount. *See id.* at 4 n.3.

6

claims as "the hearing on a motion to lift the stay is not a proceeding for determining the merits

of the underlying substantive claims, defenses, or counterclaims," but rather is a "summary

proceeding." *Id*. "As a matter of law, the only issue properly and necessarily before a bankruptcy

court during relief from stay proceedings is whether the movant creditor has a colorable claim;

thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the claim,

but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution

elsewhere." *Id*. at 34.

Since the Debtor has not demonstrated a manifest error of law or newly discovered

evidence, the request for reconsideration of the Order is denied.

Entered this 21st day of December, 2018.

By the Court,

_____

Christopher J. Panos
United States Bankruptcy Judge