UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Roney Louis Harris
    Debtor

Case No. 17-31042

Address    615 White Street
Springfield, MA 01108

Last four digits of Social Security
No(s)    4748

Chapter 13

## AMENDED PRELIMINARY STATEMENT
## OF RECORDS ON APPEAL

### Identity of appellant/Debtor:

1. Name of appellant:
   Roney Louis Harris, pro se

### Supplemental Statement of Records on appeal

1. Transcript of PHH witness Siwatu Wilson - ECF # 205.

2. Full copy of the Pooling and Servicing Agreement of HSBC - ECF # 223.

3. Rescission letters in the County Records in Springfield, Massachusetts and in Glastonbury, Connecticut for the subject properties of Debtor - ECF # 268.

4. Decision of Judge Ponsor on Debtor's appeal, dated 9/28/10 - ECF # 121.

5. Affidavit (dated 1/29/2014 at ECF #121) and Declaration (ECF #221) of HSBC witness Kevin Flannigan.

6. Judge Carey's decision on Debtor's summary judgment motion in the Hampden Superior Court - ECF # 268.

7. Closing instructions of closing agent, Attorney DiMaria, for 615 White Street, Springfield, MA - ECF # 205.

8. Copy of the subject Note of PHH that was submitted in the Bankruptcy Court by Attorney Rosenman - in Case #08-31056, at ECF #39.

9. Copy of mortgage from originated by BMC Mortgage Co In MA - ECF # 192.

10. Abandonment of estate by bankruptcy trustee 1/10/2011 - ECF # 121.

11. Affidavit of Debtor regarding witness at closing for HSBC. (Attached.)

12. Consent Decrees and Orders against PHH and HSBC - ECF # 205.

13. Petition to Amend Schedules, filed 7/10/2018, which eliminated PHH and HSBC as creditors - ECF # 197.

14. Complaint filed by Fremont Home Loans dated 11/19/2007. No ECF is available since the complaint was removed from the docketing record of the Superior Court at Hartford, Connecticut. (Attached.)

15. Assignment of mortgage from MERS, as nominee for Fremont (on 6/27/2008) to HSBC Bank USA, National Association, As Trustee, dated 10/22/2008 - ECF #205.

16. Response to HSBC's lift-stay request from Judge Melvin Hoffman (on 6/14/2016), after HSBC reopened Debtor's bankruptcy case to attempt to get stay lifted - ECF # 132.

17. Monthly mortgage statement from PHH, entitled "You monthly mortgage statement." - ECF #192.

18. Affidavit of Walter Vail - ECF #31, Case #11-699 in MA Trial Court entered on 6/16/2014.

19. Notice that Fremont liquidated and closed on July 25, 2008 -- ECF #140, with https://www5.fdic.gov/idasp/confirmation_outside.asp?inCert1=25653.

20. Judgment of Judge Boroff which rescinded the Lift-Stay Motion of HSBC on remand from U.S.District Corut - ECF #112.

21. Transcript of Judge Boroff at Evidentiary Hearing in Case #08-3022 - ECF #47.

22. Modification Agreement (attached)

Transcript is being ordered for testimony of Timothy Howes given at the Hampden Superior Court in the consolidated cases of Debtor's claim for injunctive relief and PHH's quiet title claim. Mr. Howes testified regarding the Commonwealth's Race Theory that effected the assignments of mortgage from BMC to Wachovia and from BMC to Cendant. (Testimony referenced in ECF #205, p. 5.)

Respectfully submitted,

February 11, 2019

Plaintiff/Appellant,

By: *(signature)*
Roney Louis Harris, pro se
615 White Street
Springfield, MA 01108

### CERTIFICATION

This will certify that a copy of the foregoing was mailed, postage prepaid, on this date of January 29, 2019 to the following:

Denise Pappalardo (Trustee)
P.O. Box 16607
Worcester, MA 01601

U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

Marcus Pratt, Esq.
Korde & Associates, P.C.
900 Chelmsford Street, Ste. 3102
Lowell, MA 01851

Stephanie Sprague, Esq.
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02119

*(signature)*
Roney Harris

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: Roney Harris  :   Case No: 17-31042
       Debtor  :
                 :   Chapter 13
                 :

### Affidavit

I, Roney Harris, of the Town of Springfield, in the County of Hampden and the State of Massachusetts, am over the age of 21 and having personal knowledge of the herein stated facts, and being competent to witness, depose and say:

That on February 27, 2006, I met with the following parties to complete the closing of a mortgage to property located at 83 Greentree Drive, Glastonbury, Connecticut 06033: Morris Olmer, Esq.; and, Kenneth Lewis, CEO of the mortgage brokerage company USA Financial. Said meeting was held at the Ruth's Chris Steak House at 2513 Berlin Turnpike, Newington, Connecticut 06111, on or about 6:00 p.m.

The above-mentioned parties were the only persons in attendance with me at the closing, and there was no individual named Carmen Rodriguez in attendance as witness at that meeting.

In Witness hereof, I have hereunto set my hand and seal this 30th Day of April, 2018.

Signed, Sealed and Delivered in the presence of:

_Michael Vartz_____       _____
Witness (Print)                                            Witness (Print)

_[signature]_____       _____
Witness (Signature)                                Witness (Signature)

Under the penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

_____
Roney Harris, Affiant

State of __MA__

s.s. _____

County of __Hampden__

On this the __30__ Day of __April_____, 2018, before me, __Deborah A Green_____, personally appeared __Roney Harris__
Known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained as his free act and deed.

In witness wherefore, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: __9-21-2018__

**DEBORAH A. GREEN**
Notary Public, Commonwealth of Massachusetts
My Commission Expires Sept. 21, 2018

2

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 11, 2007 | : | SUPERIOR COURT |
| FREMONT INVESTMENT & LOAN | : | JUDICIAL DISTRICT OF HARTFORD |
| VS: | : | AT HARTFORD |
| RONEY HARRIS, ET. AL | : | NOVEMBER 19, 2007 |

## COMPLAINT

1. The Plaintiff, Fremont Investment & Loan has an office and place of business with an address of 175 N. Riverview Drive, Anaheim, CA 92808.

2. At all times complained of herein, the Defendant(s), Roney Harris, owned real property situated in the Town of Glastonbury, County of Hartford and State of Connecticut known as 83 Greentree Drive, (hereinafter the "Property") being more particularly described in Schedule A attached hereto and made a part hereof.

3. On or about February 27, 2006, the Defendant(s), Roney Harris, executed and delivered to Fremont Investment & Loan, a Note (the "Note") for a loan in the original principal amount of $508,000.00.

4. On said date to secure said Note the Defendant(s), Roney Harris, did execute and deliver to Mortgage Electronic Registration Systems, Inc. as Nominee for Fremont Investment & Loan, a Mortgage on the Property. Said Mortgage was dated February 27, 2006 and recorded March 09, 2006 in Volume 2307 at Page 200 of the Glastonbury Land Records. . Said Mortgage was assigned to Fremont Investment & Loan by virtue of an Assignment of Mortgage to be recorded on the Glastonbury Land Records. The Plaintiff, Fremont Investment & Loan, is the holder of said Note and Mortgage.

5. Said Note is in default and the Plaintiff, Fremont Investment & Loan as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

02864-00163

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD. CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

6. The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) has failed and neglected to cure the default. The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

7. The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are prior in right to the Mortgage herein:

    a. The Town/City of Glastonbury may claim an interest in the Property by virtue of inchoate liens for real estate taxes on the Grand Lists of October 1, 2002 and thereafter.

    b. Connecticare, Inc. claims an interest in the Property by virtue of a Judgment Lien in the amount of $517.90 dated January 25, 2000 and recorded on January 26, 2000 in Volume 1327 at Page 81 of the Glastonbury Land Records.

    c. Town of Glastonbury claims an interest in the Property by virtue of a Sewer Lien in the amount of $266.00 dated April 17, 2007 and recorded on April 19, 2007 in Volume 2441 at Page 85 of the Glastonbury Land Records.

8. The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are subsequent in right to the Mortgage herein:

    a. The Defendant, Mortgage Electronic Registration Systems, Inc. as Nominee for Fremont Investment & Loan claims an interest in the Property by virtue of a Mortgage in the amount of $127,000.00 dated February 27, 2006 and recorded on March 09, 2006 in Volume 2307 at Page 215 of the Glastonbury Land Records.

9. The Defendant(s) Roney Harris, are the owners of the equity of redemption of the Property and, on information and belief, are in possession of the Property.

10. The Plaintiff, Fremont Investment & Loan, has further caused a Lis Pendens to be recorded on the Land Records of the Town of Glastonbury. A copy of said Lis Pendens is attached hereto as Exhibit A.

11. The Plaintiff, Fremont Investment & Loan, has further caused a notice to be given to the Defendant(s), Roney Harris, of their rights pursuant to the Statutes pertaining to unemployment

and underemployment by annexing to this Writ, Summons and Complaint a copy of the notice provided for in said Statute.

02864-00163

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET   ●   HARTFORD, CONNECTICUT 06120   ●   (860) 808-0606   ●   JURIS NO. 101589

WHEREFORE, the plaintiff claims:

1. Foreclosure of the Mortgage;
2. Possession of the Property;
3. Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);
4. A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);
5. Interest (unless same has been precluded by virtue of a Bankruptcy filing);
6. Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);
7. Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and
8. Such other and further relief as the Court may deem just and equitable.

Notice is hereby given to the Defendant(s) that the Plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action out of any debt accruing to said Defendant(s) by reason of their personal services, (unless same has been precluded by virtue of a Bankruptcy filing).

Dated at Hartford, Connecticut on November 19, 2007.

Plaintiff

By _____
Andrew Barsom, Esq.
Hunt Leibert Jacobson, P.C.
Its Attorneys    BEN STASKIEWICZ

02864-00163

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

| | |
|---|---|
| RETURN DATE: DECEMBER 11, 2007 | : SUPERIOR COURT |
| FREMONT INVESTMENT & LOAN | : JUDICIAL DISTRICT OF HARTFORD |
| VS: | : AT HARTFORD |
| RONEY HARRIS, ET. AL | : NOVEMBER 19, 2007 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is not less than $15,000.00, exclusive of interest and costs.

Plaintiff

By: _____
Andrew Barsom, Esq.
Hunt Leibert Jacobson, P.C.
Its Attorneys

BEN STASKIEWICZ

02864-00163

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

| | |
|---|---|
| RETURN DATE: DECEMBER 11, 2007 | : SUPERIOR COURT |
| FREMONT INVESTMENT & LOAN | : JUDICIAL DISTRICT OF HARTFORD |
| VS: | : AT HARTFORD |
| RONEY HARRIS, ET. AL | : NOVEMBER 19, 2007 |

NOTICE TO HOMEOWNER

If you are a homeowner, under the terms of Conn. Gen. Stat. Section 49-31d, et seq., you are hereby given notice that under those statutes, if you are UNEMPLOYED or UNDER-EMPLOYED you may make application to the Court to which this matter is returnable for relief from foreclosure. You may qualify for relief under those statutes if:

YOU ARE UNEMPLOYED OR UNDER-EMPLOYED, HAVE (FOR A CONTINUOUS PERIOD OF AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS YOUR PRINCIPAL RESIDENCE AND HAVE NOT RECEIVED AN EMERGENCY MORTGAGE ASSISTANCE LOAN AND HAVE NOT APPLIED FOR EMERGENCY MORTGAGE ASSISTANCE FOR TWO YEARS BEFORE THE APPLICATION UNDER P.A. 93-414. YOU MAY BE ENTITLED TO CERTAIN RELIEF UNDER THESE STATUTES. <u>YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THOSE STATUTES</u>.

In order to qualify for relief under those statutes, you must make application for protection from foreclosure within <u>25 DAYS</u> of the return date.

02864-00163

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

# SCHEDULE A

A certain piece or parcel of land with the buildings and improvements thereon located in the Town of Glastonbury, County of Hartford and State of Connecticut, shown as Lot 102 on a certain map or plan entitled "FINAL RESUBDIVISION PLAN GREENTREE II PREPARED FOR MANGIAFICO DEVELOPMENT CORPORATION GREENTREE DRIVE, GLASTONBURY, CONN. SCALE: 1 IN. = 40 FT. DATE: JUNE 12, 1981 REVISED AUG. 18, 1981 ALFORD ASSOCIATES CIVIL ENGINEERS WINDSOR, CONNECTICUT SHEETS 1 AND 2" which map or plan is on file in the Glastonbury Town Clerk's Office.

Together with a right of way for ingress and egress and utility services through portions of Lot No. 8 and Open Space, shown as "ACCESS EASEMENT IN FAVOR OF LOT 101 & LOT 102 & TOWN OF GLASTONBURY" and "ACCESS EASEMENT IN FAVOR OF LOT 101 & LOT 102" on said map, and as shown on Maps Nos. 3510 and 3987 on file in the Glastonbury Town Clerk's Office and set forth in a Warranty Deed from Mangiafico Development Corporation to the Town of Glastonbury dated October 17, 1979, recorded in Volume 242 at Page 1062 of the Glastonbury Land Records.

Said premises are subject to the following:

1. Any and all provisions of any ordinance, municipal regulation or public or private law.

02864-00163

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

Mortgage Services Loan Number 0027049345
MERS Min No. 100020000270493459

Prepared by: /s/ Renard Foxworth
Renard Foxworth

Prepared at:
Mortgage Services
4001 Leadenhall Road
Mt. Laurel, NJ 08054

County Recorder,
Record and return to:
Mortgage Services
4001 Leadenhall Rd
Mt. Laurel, NJ 08054
Attn: Document Control

This document is dated: ___ ____

# LOAN MODIFICATION AGREEMENT

**Three Original Loan Modification Agreements must be executed by the Borrower
One Original is to be filed with the note and one Original is to be recorded in the Land
Records where the Security Instrument is recorded**

This Loan Modification Agreement ("Agreement") between RONEY L. HARRIS ("Borrower(s)") and Cendant Mortgage Corporation (Lender) "MERS" is a Mortgage Electronic Registration System, Inc. MERS is a separate corporation that is acting solely as a nominee for the Lender and Lender's successors and assigns. MERS is mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint MI 48501-2026, tel (888) 679-MERS, amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated 02/13/2004 securing the original principal sum of $122,640.00 and recorded on 02/13/2004, with the File/Instrument No.13023 Book 13955 Page 559 of the County of HAMPDEN and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument as the "Property" located at 615 WHITE ST, SPRINGFIELD, MA 01108 the real property described being set forth as follows:

**LEGAL DESCRIPTION: See Attached**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument)

1. As of the First day of September 2007, the amount payable under the Note and the Security Instrument (the "Unpaid "Principal Balance") is U.S. $122,325.75 consisting of the amount(s) loaned to the Borrower by the Lender and any interest capitalized to date.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6%, beginning on the First day of September 2007. The Borrower promises to make monthly payments of principal and interest of U S $769.09 beginning on the First day of October 2007 and continuing thereafter on same day of each succeeding month until principal and interest are paid in full If on 03/01/2034 (the " Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date

The Borrower will make such payments at 4001 Leadenhall Road Mt. Laurel, NJ 08054 or at such other place as the Lender may require

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument

If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument, however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No 1 above

(a) all terms and provisions of the Note and Security Instrument ( if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note or Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

_____ (Seal)  _____ (Seal)
THINE M KAPLAN -Witness     RONEY L. HARRIS  -Borrower
                            (*Must* Sign In Black Ink Only)

_____ (Seal)  _____ (Seal)
Karen Wilson  -Witness                          -Borrower
                            (*Must* Sign In Black Ink Only)

**STATE OF:** ~~MA~~ Connecticut
**COUNTY OF:** Hartford

Be it remembered, that on this 23 day of August in the year of Our Lord two thousand and seven (2007) before me, the subscriber a NOTARY PUBLIC, personally appeared **RONEY L. HARRIS** who I am satisfied is/are the person(s) who signed the within instrument, and I acknowledge that he/she/they signed, sealed and delivered the same as his/her/their voluntary act and deed. All of which is hereby certified.

Sworn and Subscribed before me on this 23 day of August 2007

_____ (Seal)
(*Must* Sign In Black Ink Only)  Notary Public

My commission expires 4-30-2013

Loan Modification Agreement-Single Family—Fannie Mae/Freddie Mac Uniform Instrument
[ Space Below This Line For Acknowledgments]

Cendant Mortgage Corporation

By *[signature]*
Marc J. Hinkle, Vice President

**STATE OF:** NJ
**COUNTY OF:** Burlington

On this _2nd_ day of _Oct_ 2007 before me, Marc J. Hinkle Vice President of CORPORATION, Notary Public, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to be within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

Signature _[signature]_
(*Must Sign In Black Ink Only*)
DIANA L. ERISTON
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 07/31/2011

Exhibit A

The land in Springfield, Hampden County, Massachusetts, being known and designated as Lot #47 (forty-seven) on a plan of "Rhodoca Park", recorded in Hampden County Registry of Deeds in Book of Plans 3, Page 31, said lot being more particularly bounded and described as follows:

WESTERLY: by White Street fifty (50) feet;

NORTHERLY: by Lot #46 (forty-six) as shown on said plan, one hundred (100) feet;

EASTERLY: by Lot #45 (forty-five) as shown on said plan, fifty (50) feet.

Also another parcel of land in said Springfield, bounded and described as follows:

NORTHEASTERLY: along the Northwesterly line of the parcel first described herein, seventy-eight (78) feet to an iron pipe; thence

NORTHWESTERLY: in a line parallel with the Northeasterly line of White Street and at right angles to the first described course, three (3) feet to a point; thence

SOUTHWESTERLY: in a line parallel with the said Northwesterly line of the parcel of land first described herein, seventy-eight feet to an iron pin in the Northeasterly line of White Street; thence

SOUTHEASTERLY: along the Northeasterly line of White Street, three (3) feet to the point of beginning.

Being the premises known and designated as 615 White Street, Springfield, Mass.

*QH*

**PHH Mortgage Services**

**PHH**

4001 Leadenhall Road
Mt. Laurel NJ 08054

Tel 800-257-0460
Fax 856-917-8300

August 08, 2007

LENDER:             PHH Mortgage

BORROWER(S):        Roney L Harris

PROPERTY ADDRESS:   615 White St
                    Springfield MA 01108

LOAN NUMBER:        0027049345

### ERROR AND OMISSIONS/COMPLIANCE AGREEMENT

The undersigned borrower(s) for and in consideration of the above-referenced Lender modifying the above-refereneced loan agree(s), if requested by Lender, to fully cooperate and adjust for clerical errors concerning any or all loan modification documentation if deemed necessary or desirable in the reasonable discretion of the Lender.

The undersigned borrower(s) agree(s) to comply with all above-noted requests by the above-referenced Lender within 5 days of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above-noted time period.

DATED: 8/23/07

MORTGAGOR: Roney L Harris

CO-MORTGAGOR:

LM068 5AR

*Log in to MortgageQuestions.com — your servicing website connection.*